IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                                        Civ. No. 11-820

$142,100.00 IN UNITED STATES CURRENCY,

$5,000.00 IN UNITED STATES CURRENCY,

    *Defendants,*

and

OSCAR ROGELIO GONZALEZ-RODRIGUEZ,
FRANCISCO LUGO-CORONADO,

    *Claimants.*

**VERIFIED COMPLAINT FOR FORFEITURE *IN REM***

Plaintiff states:

### JURISDICTION AND VENUE

1.    This is a civil action *in rem* for forfeiture of Defendant properties which have been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.    The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.    Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or property which are the subject of this action consists of One Hundred Forty-Two Thousand One Hundred ($142,100.00) and Five Thousand ($5,000.00) in U.S. Currency (hereafter referred to as "Defendant Currency").

### PARTIES AND CLAIMANTS

5. The following persons may claim an interest in Defendant Currency:

    (a). Oscar Rogelio Gonzalez-Rodriguez c/o Francisco Leon, Esq., 177 N. Church Avenue, Suite 911, Tucson, AZ 85701;

    (b). Francisco Lugo-Coronado c/o Francisco Leon, Esq., 177 N. Church Avenue, Suite 911, Tucson, AZ 85701.

### FACTS

The circumstances from which the claim for forfeiture of Defendant Currency arise are:

6. At approximately 5:43 p.m., New Mexico State Police (NMSP) Officer Daniel Chavez conducted a traffic stop on a 2010 Dodge Charger for a traffic violation (speeding) on Interstate 25 southbound at mile marker 168. The Dodge was driven by Oscar Rogelio Gonzalez-Rodriguez (Gonzalez). As Officer Chavez approached the vehicle, the rear occupant Pablo Maravilla-Gomez (Maravilla) sat up on the right side of the vehicle. He was not wearing a seatbelt. Francisco Lugo-Coronado (Lugo) was seated in the passenger seat.

7. Officer Chavez approached the vehicle on the passenger side and asked Gonzalez, the driver, for his identification and registration. The NMSP Officer noticed that Gonzalez was extremely nervous. The NMSP Officer asked Gonzalez to step out of the vehicle and Gonzalez complied.

2

8. The 2010 Dodge Charger had been rented by Gonzalez.

9. Officer Chavez spoke with the front seat passenger, Lugo. He told the officer that they were driving to Mexico from Albuquerque. Later Lugo told the officer that they were traveling to Tucson, Arizona. Lugo would not make eye contact with Officer Chavez and appeared to be very nervous.

10. Officer Chavez walked back to his police unit to begin writing the traffic citation for Gonzalez. Gonzalez told the officer that he was leaving Albuquerque and traveling to Tucson. Gonzalez still appeared to be nervous and kept turning around to look at the vehicle and then back to the officer. He told the officer he was in Albuquerque for two days looking to purchase cars. Gonzalez agreed to pay the penalty assessment for the traffic citation.

11. Officer Chavez requested and received verbal consent from Gonzalez to search the trunk of the vehicle. The officer asked Gonzalez if there was any marijuana, methamphetamine, cocaine, or heroin in the vehicle. Gonzalez replied no.

12. Officer Chavez asked Gonzalez if there was any money in the vehicle. Gonzalez said no. Gonzalez told the officer that everything in the car belonged to him except for some luggage in the trunk. Gonzalez opened the trunk and stood by the right side of the vehicle.

13. Officer Chavez requested and received verbal consent from Gonzalez to search inside his red suitcase in the trunk. At the base of the suitcase were two cuts in the lining. The officer unzipped the lining of the suitcase and observed several packages wrapped in duct tape. The odor of marijuana emanated from the packages.

14. Officer Chavez asked Lugo to exit the vehicle and asked him which bag belonged to him. Lugo pointed to the smaller suitcase. The officer requested and received verbal consent from Lugo to search his suitcase. A heat sealed plastic bag containing three bundles of U.S. Currency was found in a hidden compartment of Lugo's suitcase. Lugo told the officer that it

was $6,000 dollars and that it belonged to him. Subsequently, the currency bundles in the suitcase were counted. The currency totalled $5,000.

15. Officer Chavez detained Gonzalez and Lugo and continued with the search of the trunk.

16. Gonzalez was read his *Miranda* rights, which he stated he understood. He agreed to speak with the officer. Officer Chavez asked Gonzalez if the money was his. Gonzalez responded no.

17. Seven bundles of U.S. currency wrapped in duct tape were taken from Gonzalez' red suitcase. The bundles and the suitcases were transported to the State Police Office in Socorro, NM, for further investigation. A subsequent count of the currency bundles resulted in a total of $142,100.

18. Drug Enforcement Administration (DEA) Special Agent met Gonzalez, Lugo, Maravilla and Officer Chavez at the NMSP office. Special Agent Douglas Gooch took possession of the bundles of U.S. Currency (seven bundles of a large amount of U.S. currency wrapped in duct tape and a heat sealed plastic bag containing three bundles of U.S. Currency) and sealed the currency in a clear plastic bag. The currency was transported to the DEA Albuquerque District Office. Task Force Officer Jeremy Bassett deployed his trained and certified drug detection canine, "Blaze", on the clear plastic bag containing the currency. Blaze alerted positively for the odor of illegal controlled substance on the clear plastic bag containing the currency.

## CLAIM FOR RELIEF

19. Defendant currency is subject to arrest and forfeiture to Plaintiff under

21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for a controlled substance, or constitutes proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

20. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(A) because the currency was involved in a transaction or attempted transaction in violation of 18 U.S.C. § 1960 or is property traceable to such property.

21. Defendant currency is subject to arrest and forfeiture to Plaintiff under 18 U.S.C. § 981(a)(1)(C) because the currency constitutes or is derived from property traceable to a violation of 18 U.S.C. § 1952.

22. Defendant Currency is subject to arrest and forfeiture to Plaintiff under 31 U.S.C. § 5332(c)(1) because it was involved in a violation of 31 U.S.C. § 5332(a) or a conspiracy to commit such violation, or is property traceable to such violation or conspiracy.

WHEREFORE: Plaintiff seeks arrest of Defendant Currency and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Currency, costs and expenses of seizure and of this proceeding, and other proper relief.

          Respectfully submitted,

          KENNETH J. GONZALES
          UNITED STATES ATTORNEY

          STEPHEN R. KOTZ
          CYNTHIA L. WEISMAN
          Assistant U.S. Attorneys
          P.O. Box 607
          Albuquerque, NM  87103
          (505) 346-7274

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture *In Rem* to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury and the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

Dated: 9/13/2011

_____
Douglas P. Gooch, Special Agent
Drug Enforcement Administration